```
                    UNITED STATES DISTRICT COURT FOR THE
                      WESTERN DISTRICT OF NORTH CAROLINA
                              ASHEVILLE DIVISION
                               1:06CV82-MU-01
```

WALI FARAD MUHAMMAD BILAL,            )
                                      )
    Petitioner,              )
                                      )
        v.                )           **O R D E R**
                                      )
SIDNEY HARKLEROAD, Supt.,             )
                                      )
    Respondent.              )
_____)

**THIS MATTER** is before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2254.

A review of the subject federal habeas petition reflects that on October 12, 2001, after a trial by jury, Petitioner was convicted of numerous crimes and sentenced to a total of 32 years and 10 months imprisonment. Petitioner directly appealed his sentence and conviction. On December 3, 2002, the North Carolina Court of Appeals found no error. On August 21, 2003, the North Carolina Supreme Court denied Petitioner's Petition for Discretionary Review. On September 30, 2004, Petitioner filed a Motion for Appropriate Relief (MAR) in the Rutherford County Superior Court. Petitioner's MAR was denied on January 31, 2005. The North

Carolina Court of Appeals then denied Petitioner's Petition for Writ of Certiorari on March 28, 2005. On April 26, 2005, Petitioner filed for discretionary review with the North Carolina Supreme Court which was denied December 1, 2005. On February 23, 2006,[1] Petitioner filed the instant federal habeas petition.

On April 23,1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2244(d)(2) by imposing a 1-year statute of limitations period for the filing of a federal habeas petition. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Petition for Writ of Habeas Corpus, his Petition would be deemed filed, on the date he delivered it to prison officials for forwarding to the district court. Petitioner dated his federal habeas petition on February 23, 2006. At this time, the Court will use this date as Petitioner's filing date for his federal habeas petition.

applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, the record is clear that Petitioner's conviction became final on November 19, 2003. Petitioner's limitation period then ran for 316 days until he filed his MAR on September 30, 2004. Petitioner's limitation period was then tolled while his post-conviction proceedings were pending. 28 U.S.C. § 2244(d)(2). His limitation period, however, began again, at a minimum, on December 1, 2005, and expired 49 days later on January 19, 2006. Petitioner did not file the instant federal habeas petition until February 23, 2006. Consequently, this Court holds that Petitioner's Petition for a Writ of Habeas Corpus is untimely.[2]

---

[2] In January 2002, the United States Court of Appeals for the Fourth Circuit decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. At 707. In the instant case, Petitioner, unlike the petitioner in Hill, had an opportunity in his form petition to address the timeliness of his petition and declined to do so. Accordingly, given the fact that Petitioner was informed of the specifics of AEDPA's limitation period but declined to provide any facts beyond the detailed procedural history of his case, this Court concludes that it need not provide Petitioner with any additional opportunities to address such matters.

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED.**

Signed: March 27, 2006

Graham C. Mullen
United States District Judge