```
UNITED STATES DISTRICT COURT FOR THE
   WESTERN DISTRICT OF NORTH CAROLINA
            ASHEVILLE DIVISION
              1:06CV82-MU-01
```

**WALI FARAD MUHAMMAD BILAL,**    )
                                        )
      **Petitioner,**               )
                                        )
           **v.**                     )          <u>**O R D E R**</u>
                                         )
**SIDNEY HARKLEROAD, Supt.,**      )
                                       )
      **Respondent.**            )
_____)

     **THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit.

     On February 23, 2006, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with this Court. On March 27, 2006, after conducting an initial review of Petitioner's petition, this Court dismissed the petition as untimely without first issuing a <u>Hill</u> notice. Petitioner then appealed his case to the United States Court of Appeals for the Fourth Circuit arguing that he was not given sufficient notice and an opportunity to be heard prior to the dismissal as required by <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002). The Fourth Circuit agreed and vacated this Court's March 27, 2006, Order and remanded his case back to this Court. This Court then issued an Order giving Petitioner fifteen days to file a document explaining why his federal habeas petition should be deemed timely filed. On August 25, 2008,

Petitioner filed his response to the Court's Order.

In his response Petitioner asserts that the Court should consider his habeas petition timely filed because he was ignorant of the law and was proceeding pro se; he experienced a twenty-nine day delay getting his habeas petition notarized; on five occasions he received state court orders that were post-marked after the order date; and his petition was only untimely by thirty-five days.[1]

When considering equitable tolling arguments a court must be mindful that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Consequently, equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Equitable tolling is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id.

---

[1] In its Order remanding this case the United States Court of Appeals for the Fourth Circuit noted that Petitioner alleged that this Court failed to provide him with a form petition in a timely manner. Petitioner does not raise this issue in his filing with this Court and therefore this Court will not address that issue.

**2**

Petitioner's contention that he did not have counsel to assist him does not support a finding that his limitation period should be tolled. It is well-established that an inmate's lack of access to counsel does not operate to equitably toll the limitation period under AEDPA. See Mackall v. Angelone, 131 F.3d 442 (4th Cir. 1998)(no right to counsel in post-conviction proceeding). Likewise, ignorance of the law is not a basis for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(ignorance of law by a pro se prisoner is not a basis for equitable tolling). Consequently, Petitioner has not established that his limitation period should be equitably tolled on this basis.

Petitioner also contends that his habeas petition should be considered timely filed because it took twenty-nine days for his federal habeas petition to be notarized. There is no requirement that a federal habeas petition be notarized and therefore this assertion does not serve to toll Petitioner's limitation period. See Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts (petition must "be signed under penalty of perjury by the petitioner . . . .")

Petitioner also cites to five alleged delays between the signing of state court orders and the post-marked date of these orders. Despite being aware of the seriousness of the inquiry into the timeliness of his federal habeas petition, Petitioner provides

no specifics or evidence regarding this allegation. However, the Court notes that any delay with regard to many of the state court orders would have no impact on Petitioner's limitation period. That is, the limitation period is tolled during the pendency of the entire state court direct and collateral proceedings. Therefore, for example, any delay in the mailing of the order denying Petitioner's MAR would not have any impact on his limitation period. Indeed, the only delay which might have impacted Petitioner's limitation period in any way would be the denial by the North Carolina Supreme Court of Petitioner's petition for writ of certiorari seeking discretionary review of the denial of his MAR. As Petitioner did not choose to provide this Court with more specifics, this Court cannot know if this is one of the orders to which Petitioner is referring. However, as none of the delays alleged by Petitioner are greater than thirty-five days, any such delay is not dispositive to Petitioners' equitable tolling argument.

Finally, Petitioner's contention that his federal habeas petition should be considered timely filed because his petition was only thirty-five days late is meritless. To hold otherwise would be to undermine Congress' specific assertion that a one year limitation period applies.[2]

---

[2] To the extent Petitioner is raising an actual innocence exception to excuse the untimeliness of his federal habeas petition, he fails to carry his burden. Establishing a claim of

4

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DISMISSED as untimely.**

Signed: September 8, 2008

Graham C. Mullen
United States District Judge

---

actual innocence requires a showing that there is new evidence, not present in the trial, that makes it more likely than not that no reasonable juror would have convicted the petitioner. See Schlup v. Delo, 513 U.S. 298, 324, 327-28 (1995). A petitioner must support his actual innocence claim with "new, reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id at 324. To succeed on an actual innocence claim a petitioner must show factual innocence, not simply legal insufficiency of evidence to support a conviction. See Bousley v. United States, 523 U.S. 614, 623 (1998). The Supreme Court has cautioned that credible claims of actual innocence are "extremely rare." See Schlup, 513 U.S. at 321. Petitioner does not meet this burden.

5